United States District Court for the
District of Nevada

United States of America,

    Plaintiff,

v.

John Kane and Andre Nestor,

    Defendants.

Criminal Complaint

Case No. 2:11-mj-00001-LRL

Violation: 18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned complainant being first duly sworn, deposes and says:

At all times relevant to this Complaint:

### Introduction

1. From in or about May 2009, to in or about June 2009, John Kane and Andre Nestor used an exploit on video poker machines, over and over again, to defraud casinos and win money to which they were not entitled. In doing so, they exceeded their authorized access on these devices and acted to conceal their fraud.

### COUNT ONE
### Conspiracy to Commit Wire Fraud

2. The allegations set forth in the Introduction are re-alleged and incorporated as if fully set forth herein.

3. From in or about April 2009, to in or about September 2009, in the State and Federal District of Nevada and elsewhere,

**JOHN KANE and**
**ANDRE NESTOR**

1

defendants herein, knowingly and willfully combined, conspired, and agreed with others known and unknown to the grand jury to commit the crime of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2.

**The Objectives of the Conspiracy**

4. The objective of the conspiracy was to obtain money by defrauding gaming machines at casinos.

**Manner and Means of the Conspiracy**

5. It was part of the conspiracy that John Kane and Andre Nestor knowingly and intentionally defrauded gaming machines at casinos to obtain money that they were not entitled to obtain.

6. It was further part of the conspiracy that in Las Vegas, Kane located a certain type of video poker gaming machine.

7. It was further part of the conspiracy that Kane asked casino attendants to enable a certain feature on that gaming machine.

8. It was further part of the conspiracy that Kane played video poker, often wagering at the lowest denomination, until he obtained a winning hand of cards and received the winnings.

9. It was further part of the conspiracy that Kane then used the exploit to change the credits to a higher denomination, and to access the previous winning hand of cards.

10. It was further part of the conspiracy that Kane, without playing – or paying – further, then triggered a jackpot – at the higher denomination.

11. It was further part of the conspiracy that Kane acted to conceal the fraudulent nature of the jackpot from the casino attendant.

12. It was a further part of the conspiracy that after Kane verified that his exploit

worked, he called his friend Andre Nestor in Pennsylvania, and had him travel to Las Vegas to help him engage in this conspiracy to defraud.

13. It was a further part of the conspiracy that Nestor and Kane knowingly and intentionally used the same exploit to defraud gaming machines at casinos to obtain money that they were not entitled to obtain.

14. It was a further part of the conspiracy that Nestor acted to conceal the fact that they were obtaining money to which they were not entitled.

All in violation of Title 18, United States Code, Section 1349.

**Probable Cause Affidavit**

I, Nicholas Bugni, Special Agent for the Federal Bureau of Investigation, being duly sworn on oath, hereby deposes and states as follows:

**Introduction**

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), currently assigned to the Cybercrime Squad of the Las Vegas, Nevada Field Office, and have been so employed since March 2007. During this time, I have been assigned to investigate violations of, among other things, Title 18, United States Code, Sections 1343 (wire fraud); 1030 (computer fraud) and 371 (conspiracy). I have received training from the FBI in conducting these types of investigations, and have participated in all of the usual methods of investigation including, but not limited to, analysis of evidence, physical surveillance and the questioning of witnesses. Based upon this training and experience, as well as the knowledge I have gained through the combined experience of other FBI Agents and law enforcement officers, I am familiar with the modus operandi of persons who have participated in computer and wire fraud schemes. At all times

1  during the investigation described herein, I have acted in my official capacity as a Special Agent
2  of the FBI.

3  2. As a Special Agent of the FBI, I am an investigative or law enforcement officer of
4  the United States within the meaning of Title 18, United States Code, § 2510(7) and Federal Rule
5  of Criminal Procedure 41(a)(2)(C). I am empowered to investigate, and to make arrests for,
6
7  offenses enumerated in Title 18, United States Code, Section 2516.

8  3. The statements contained in this Affidavit are based on my experience and
9  background as a Special Agent of the FBI, as well as on information provided to me by other law
10 enforcement officials and other persons. Since the Affidavit is being submitted for the limited
11 purpose of securing arrest warrants, I have not included each and every fact known to me
12 concerning this investigation. I only set forth the facts that I believe are necessary to establish
13 probable cause to issue these warrants.
14

**Facts**

15

16 4. Kane discovered a way to exploit a certain type of gaming machine no later than
17 April 2009. In late April 2009, he located a certain type of video poker gaming machine, and
18 asked casino attendants in Las Vegas to enable a certain feature on that gaming machine. Kane
19 then played video poker, often wagering at the lowest denomination, until he obtained a winning
20 hand of cards and received the winnings. Kane then used the exploit to change the credits to a
21
22 higher denomination, and to access the previous winning hand of cards. Without playing – or
23 paying – further, Kane then triggered a jackpot – at the higher denomination. As part of this
24 scheme, Kane acted to conceal the fraudulent nature of the jackpot from the casino attendant. As a
25 result, Kane obtained jackpots that he was not entitled to obtain.
26 5. This was evidently a test run. After Kane verified that his exploit worked in Las

Vegas, he made a call across state lines to his friend Andre Nestor in Pennsylvania, and had him travel to Las Vegas to help him engage in this conspiracy to defraud.

6. Together, Nestor and Kane began to use the exploit in Las Vegas casinos from May 1 to at least June 15. They knowingly and intentionally used the same exploit to defraud gaming machines at casinos to obtain money that they were not entitled to obtain.

7. It was a further part of the conspiracy that Kane and Nestor acted to conceal the fact that they were obtaining money to which they were not entitled. For example, Kane had Nestor sign some of Kane's W-2Gs, documents that ordinarily report a person's gambling winnings to the Internal Revenue Service.

## Conclusion

Based upon the foregoing facts, I submit there is probable cause to believe that the defendants have violated 18 U.S.C. § 1349; as such, I respectfully request that this Court issue warrants for their arrest.

_____
Nicholas Bugni
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 3rd day of January, 2011.

_____
United States Magistrate Judge