DANIEL BOGDEN
United States Attorney
MICHAEL CHU
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada  89101
(702) 388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN KANE, and<br>ANDRE NESTOR,<br><br>    Defendants. | CRIMINAL INDICTMENT<br><br>2:11-CR- _022_<br><br>VIOLATIONS:<br><br>18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud<br><br>18 U.S.C. §§ 1030(a)(4) and (c)(3)(A) – Computer Fraud |

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this Indictment:

### Introduction

1. From in or about April 2009, to in or about September 2009, John Kane and Andre Nestor used an exploit on video poker machines to defraud casinos and win money to which they were not entitled.  In doing so, they exceeded their authorized access on these devices and acted to conceal their fraud.

### COUNT ONE
Conspiracy to Commit Wire Fraud

2. The allegations set forth in the Introduction are re-alleged and incorporated as if fully set forth herein.

. . .

3.      From in or about April 2009, to in or about September 2009, in the State and Federal District of Nevada and elsewhere,

**JOHN KANE, and
ANDRE NESTOR,**

defendants herein, did knowingly and willfully combine, conspire, and agree with others known and unknown to the grand jury to commit the crime of wire fraud, in violation of Title 18, United States Code, Section 1343.

<u>The Objectives of the Conspiracy</u>

4.      The objective of the conspiracy was to obtain money by defrauding gaming machines at casinos.

<u>Manner and Means of the Conspiracy</u>

5.      It was part of the conspiracy that John Kane and Andre Nestor knowingly and intentionally defrauded gaming machines at casinos to obtain money that they were not entitled to obtain.

6.      It was further part of the conspiracy that in Las Vegas, Kane located a certain type of video poker gaming machine.

7.      It was further part of the conspiracy that Kane asked casino attendants to enable a certain feature on that gaming machine.

8.      It was further part of the conspiracy that Kane played video poker, often wagering at the lowest denomination, until he obtained a winning hand of cards and received the winnings.

9.      It was further part of the conspiracy that Kane then used the exploit to change the credits to a higher denomination, and to access the previous winning hand of cards.

10.     It was further part of the conspiracy that Kane, without playing – or paying – further, then triggered a jackpot – at the higher denomination.

.   .   .

2

11.     It was further part of the conspiracy that Kane acted to conceal the fraudulent nature of the jackpot from the casino attendant.

12.     It was a further part of the conspiracy that after Kane verified that his exploit had worked, he contacted co-defendant Andre Nestor in Pennsylvania, using a wire communication across state lines, and had him travel to Las Vegas to help him engage in this conspiracy to defraud.

13.     It was a further part of the conspiracy that Nestor and Kane knowingly and intentionally used the same exploit to defraud gaming machines at casinos to obtain money that they were not entitled to obtain.

14.     It was a further part of the conspiracy that Nestor acted to conceal the fact that they were obtaining money to which they were not entitled.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
Fraud in Connection with Computers

15.     The allegations set forth in the Introduction and in paragraphs 2 to 14 are re-alleged and incorporated as if fully set forth herein.

16.     From in or about April 2009, to in or about July 2009, in the State and Federal District of Nevada,

**JOHN KANE**,

defendant herein, did knowingly and with intent to defraud access a protected computer exceeding his authorized access and by means of such conduct furthered the intended fraud and obtained something of value, specifically, money, all in violation of Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A).

. . .

. . .

. . .

## COUNT THREE
Fraud in Connection with Computers

      17.    The allegations set forth in the Introduction and in paragraphs 2 to 14 are re-alleged and incorporated as if fully set forth herein.

      18.    From in or about April 2009, to in or about July 2009, in the State and Federal District of Nevada,

**ANDRE NESTOR,**

defendant herein, did knowingly and with intent to defraud access a protected computer exceeding his authorized access and by means of such conduct furthered the intended fraud and obtained something of value, specifically, money, all in violation of Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A).

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

.   .   .

4

## FORFEITURE ALLEGATION ONE
### Conspiracy to Commit Wire Fraud

1.      The allegations contained in Count One of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the felony offenses charged in Count One of this Criminal Indictment,

**JOHN KANE, and**
**ANDRE NESTOR,**

defendants herein, shall forfeit to the United States of America, any property which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), and Title 18, United States Code, Section 1349, a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $1,500,000.00 in United States Currency.

3.      If any property subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants-

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property that cannot be divided without difficulty;

. . .

5

1    it is the intent of the United States of America, pursuant to Title 21, United States Code,

2    Section 853(p), to seek forfeiture of any properties of the defendants up to $1,500,000.00

3    in United States Currency.

4         All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

5    United States Code, Section 2461(c); Title 18, United States Code, Section 1343, a specified

6    unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and

7    1961(1)(B); Title 18, United States Code, Section 1349; and Title 21, United States Code,

8    Section 853(p).

9                          **FORFEITURE ALLEGATION TWO**
                           **Fraud in Connection with Computers**

10

11        1.    The allegations contained in Counts Two and Three of this Criminal

12   Indictment are hereby realleged and incorporated herein by reference for the purpose of

13   alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section

14   981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

15        2.    Upon conviction of the felony offenses charged in Counts Two and Three of

16   this Criminal Indictment,

17                              **JOHN KANE, and**
                                **ANDRE NESTOR,**

18

19   defendants herein, shall forfeit to the United States of America, any property which

20   constitutes or is derived from proceeds traceable to violations of Title 18, United States

21   Code, Section 1030(a)(4) and (c)(3)(A), or a conspiracy to commit such offense, an *in*

22   *personam* criminal forfeiture money judgment up to $1,500,000.00 in United States

23   Currency.

24        3.    If any property subject to forfeiture pursuant to Title 18, United States Code,

25   Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any

26   act or omission of the defendants-

6

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants up to $1,500,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1030(a)(4) and (c)(3)(A); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION THREE
### Fraud in Connection with Computers

1. The allegations contained in Counts Two and Three of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the felony offenses charged in Counts Two and Three of this Criminal Indictment,

**JOHN KANE, and
ANDRE NESTOR,**

defendants herein, shall forfeit to the United States of America, any property which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1030(a)(4) and (c)(3)(A), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such

7

offenses, an *in personam* criminal forfeiture money judgment up to $1,500,000.00 in United States Currency.

3.    If any property subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants-

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants up to $1,500,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1030(a)(4) and (c)(3)(A), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

### FORFEITURE ALLEGATION FOUR
**Fraud in Connection with Computers**

1.    The allegations contained in Counts Two and Three of this Criminal Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(B).

2.    Upon conviction of the felony offenses charged in Counts Two and Three of this Criminal Indictment,

8

**JOHN KANE, and**
**ANDRE NESTOR,**

defendants herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of Title 18, United States Code, Section 1030(a)(4) and (c)(3)(A), or a conspiracy to violate such offense, an *in personam* criminal forfeiture money judgment up to $1,500,000.00 in United States Currency.

       3.     If any property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B), as a result of any act or omission of the defendants-

           a.     cannot be located upon the exercise of due diligence;

           b.     has been transferred or sold to, or deposited with, a third party;

           c.     has been placed beyond the jurisdiction of the court;

           d.     has been substantially diminished in value; or

           e.     has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendants up to $1,500,000.00 in United States Currency.

       All pursuant to Title 18, United States Code, Section 982(a)(2)(B); Title 18, United States Code, Section 1030(a)(4) and (c)(3)(A); and Title 21, United States Code, Section 853(p).

       **DATED**: this _/9_ day of January, 2011.

       **A TRUE BILL:**

                                      /s/
                          FOREPERSON OF THE GRAND JURY

DANIEL BOGDEN
United States Attorney

MICHAEL CHU
Assistant United States Attorney