**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cr-00022-MMD-GWF |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| JOHN KANE; ANDRE NESTOR, ) | |
| ) | **Second Motion for Return of** |
| Defendants. ) | **Property - #128** |
| ) | |

This matter is before the Court on Defendant John Kane's Second Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) and NRS 465.110(1) (#128) filed on August 17, 2015. The Government filed its Response (#129) on August 24, 2015 and the Defendant filed his Reply (#131) on September 3, 2015. The Court conducted a hearing in this matter on December 11, 2015.

## BACKGROUND

Defendants John Kane and Andre Nestor were originally charged in a criminal complaint filed on January 3, 2011 with conspiracy to commit wire fraud by using an "exploit" to manipulate video poker machines to produce winning jackpots. The complaint alleged that the conspiracy took place from April to September 2009. *Criminal Complaint (#1)*. Defendants Kane and Nestor were subsequently indicted on January 19, 2011 for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343 and for fraud in connection with computers in violation of 18 U.S.C. §1030(a)(4). *Indictment (#12)*. The indictment also sought the forfeiture of any property which constitutes or derives from proceeds traceable to violations of 18 U.S.C. §§ 1343 and 1030(a)(4). On October 15, 2012, the magistrate judge recommended that the counts charging fraud in connection with

computers under 18 U.S.C. §1030(a)(4) be dismissed because the video poker machines were not used in interstate commerce and because the Defendants did not exceed the authorized access to the computers. *Report & Recommendation (#86).* After initially objecting to the magistrate judge's report and recommendation, the Government moved to dismiss the fraud in connection with computers counts. The Court dismissed those counts on May 7, 2013. *Order (#111).* Thereafter, on November 22, 2013, the Government moved to dismiss, without prejudice, the remaining conspiracy count. The Court granted that motion on November 25, 2013. *Order (#120).* The Government has not brought any additional charges against Defendants and states that it does not intend to bring further charges against Kane or Nestor relating to this matter.

On June 10, 2015, Defendant Kane filed his first motion for return of property. *Motion for Return of Property (#121).* Mr. Kane stated that he was arrested by officers of the Nevada Gaming Control Board on July 3, 2009 allegedly as a result of winning a video poker jackpot at the Silverton Casino. At the time of Mr. Kane's arrest, Gaming Control Board agents seized $27,000.00 from his person and also confiscated a $1,200 casino cashout voucher. Mr. Kane alleged that FBI agents subsequently seized computers, electronic devices, and other items of personal property during the execution of a search warrant at his residence on January 3, 2011. *Id., pg. 3.* In its response to Mr. Kane's motion, the Government stated that it notified Mr. Kane's counsel on June 26, 2015 that the Government would return the items seized by the FBI and provided Mr. Kane's counsel with the name and phone number of the FBI agent to contact for return of the property seized pursuant to the search warrant. The Government stated, however, "[t]he $27,000 and $1,200 credit was not seized by the FBI and was not part of the government's notification of items available for return." *Government's Response (#125), pg. 1.* Counsel for Mr. Kane and the Government advised the Court on July 16, 2015 that the matter was resolved. The Court therefore denied Mr. Kane's first motion without prejudice. *Order (#127).*

Mr. Kane was not successful in obtaining the return of the $27,000.00[1] from the Nevada Gaming Control Board and so he filed his second motion for return of property on August 17, 2015.

---

[1] Mr. Kane's counsel states that he is no longer seeking return of the $1,200 cashout voucher.

Apparently in response to Mr. Kane's demand for the return of the $27,000.00, the Nevada Gaming Control Board sent him and the Silverton Casino a letter dated July 31, 2015 which states as follows:

> Pursuant to NRS 465.110(2)(a), please be advised that you have thirty (30) days to file a written claim with the State Gaming Control Board for return of the evidence seized in the above-referenced matter.
>
> In specific, the seized evidence consists of the following: 1) One Silverton Casino Lodge Las Vegas cashout voucher for $1,289 2) $27,000 in United States currency.
>
> Please be further advised that pursuant to NRS 465.110(2)(b), if more than one party files a written claim within the statutory time period:
>
> > 1. The claimants may agree among themselves as to how they wish to divide the evidence, subject to the approval of the Board;
> >
> > 2. The claimants may agree to submit this matter to binding arbitration or any claimant may institute legal proceedings to determine the proper disposition of the evidence; or
> >
> > 3. The Board may file an action as an interpleader pursuant to N.R.C.P. 22 to determine the rightful claimant.
>
> If the evidence must be interpleaded into the judicial system pursuant to NRS 465.110(2)(b)(3), you will be required to litigate the matter through that venue. Finally, please be advised that if no written claim is timely submitted, the Board will deposit the funds in the State Treasury for credit to the state's general fund.

*Defendant's Second Motion (#128), Exhibit 1.*

Counsel for the Nevada Gaming Control Board and the Silverton Casino appeared at the December 11, 2015 hearing on Mr. Kane's motion. The Nevada Gaming Control Board's counsel states that the State of Nevada claims no interest in the $27,000, but merely wishes to comply with the law with respect to adjudicating the competing claims of Mr. Kane and the Silverton. Counsel stated, however, that if this Court orders that the funds be returned to Mr. Kane, the State will comply with that order. The Silverton claims that it is entitled to the funds, apparently on the basis that Mr. Kane defrauded the Silverton. Mr. Kane denies this claim and asserts that the subject funds were not the proceeds of any gambling by him at the Silverton. Mr. Kane further argues that the statute of limitation has expired with respect to any claim that the Silverton has to the funds. Mr. Kane further argues that this matter is governed by Rule 41(g) of the Federal Rules of Criminal

Procedure and NRS 465.110.1 which mandate that the funds be returned to him and not held by the State of Nevada for purposes of interpleading the competing claims of Mr. Kane and the Silverton. Although the United States claims no interest in the funds, the Government's counsel argued that the Court should not order that the funds be returned to Mr. Kane because the Silverton may not be able to collect a money judgment from Mr. Kane.

## DISCUSSION

Rule 41(g) of the Federal Rules of Criminal Procedure states as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Rule 41(g), formerly Rule 41(e), is used to seek return of seized property after an indictment has been filed and criminal charges are pending. *United States v. Ramsden*, 2 F.3d 322, 324 (9th Cir. 1993). District courts, however, also have the power to entertain motions for return of property seized by the government when there are no criminal proceedings pending against the movant. *Id.*, citing *United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987). Such motions are treated as civil equitable proceedings which require the district court to exercise caution and restraint before assuming jurisdiction. *Id.*[2] In deciding whether to exercise equitable jurisdiction, the court considers four factors: (1) Whether the Government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property he wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of his grievance. *Ramsden*, 2 F.3d at 325.

The fourth factor, whether movant has an adequate remedy at law for redress of his grievance, strongly militates against this Court exercising equitable jurisdiction over Mr. Kane's

---

[2] Because Mr. Kane's motion should be treated as a civil equitable action, the court's decision is equivalent to an order of dismissal based on lack of jurisdiction. The undersigned magistrate judge therefore issues a report and recommendation, rather than an order.

motion. The federal criminal prosecution against Mr. Kane was dismissed more than a year and a half before he filed his first motion for return of property on June 10, 2015. As a result of Mr. Kane's first motion, the Government returned the property seized by the FBI during the execution of the search warrant in January 2011. The $27,000.00 that is the subject of Mr. Kane's second motion was seized by Nevada Gaming Control Board agents at the time of Mr. Kane's arrest in July 2009 and well before federal criminal proceedings were commenced. Those funds have remained in the possession of the Nevada Gaming Control Board since their seizure. If the Federal Government was asserting some dominion or control over the $27,000.00, then the exercise of federal equitable jurisdiction might be appropriate. The Government, however, does not assert any claim to or right of control over the funds. It has not pursued further criminal charges against Mr. Kane. Nor has it sought civil forfeiture of the funds. At this point, the Federal Government simply has no interest in the funds which are in the possession of the Nevada Gaming Control Board.[3]

Mr. Kane clearly has an adequate remedy under Nevada law to obtain recovery of his money. Nevada Revised Statute (NRS) 465.110 states as follows:

> 1.   After the final adjudication of a complaint involving a violation of this chapter or chapter 462 to 464, inclusive, of NRS, or of any other complaint involving the seizure of evidence by an agent of the Board, the court may enter an appropriate order disposing of all physical evidence pertaining to the complaint, whether or not the evidence was introduced as an exhibit.
>
> 2.   Except as otherwise provided in subsection 3, evidence seized by an agent of the Board which does not result in a complaint charging a violation of the law and evidence for which an order of disposition is not entered pursuant to subsection 1 must be disposed of as follows:
>
> (a) The Board shall notify by certified mail each potential claimant of the evidence that the potential claimant has 30 days after receipt of the notice within which to file a written claim with the Board for return of the evidence.
>
> (b) If more than one person files a claim for the evidence:

. . .

---

[3] For this reason, Government counsel's arguments that the funds should not be returned to Mr. Kane because of the Silverton's alleged interest is not pertinent. The Government has no standing to argue what should be done with the funds over which it asserts no control.

>    1. The claimants may agree among themselves as to how they wish to divide the evidence, subject to the approval of the Board;
>
>    2. The claimants may agree to submit this matter to binding arbitration or any claimant may institute legal proceedings to determine the proper disposition of the evidence; or
>
>    3. The Board may file an action as an interpleader pursuant to N.R.C.P. 22 to determine the rightful claimant.

As set forth in its July 31, 2015 letter to Mr. Kane and the Silverton, the Nevada Gaming Control Board is proceeding in accordance with the provisions of NRS 465.110.2. Mr. Kane argues, however, that this matter should be governed by NRS 465.110.1 which he argues requires that the property be returned to him. Assuming for sake of argument that NRS 465.110.1 governs, that provision does not necessarily require that the funds be returned to Mr. Kane. The section states that the court "may enter an appropriate order disposing of all physical evidence pertaining to the complaint." Where more than one person claims a right to the property, an appropriate order under subsection 1 of the statute may also be to interplead the funds into court pursuant to Rule 22 of the Nevada Rules of Civil Procedure. In any event, because the funds are in the possession of the Nevada Gaming Control Board and the Federal Government asserts no control over the funds, the Nevada district court is the appropriate forum in which to resolve the competing claims of Mr. Kane and the Silverton Casino to the funds. Accordingly,

**IT IS HEREBY RECOMMENDED** that this Court decline to exercise jurisdiction over Defendant John Kane's Second Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) and NRS 465.110(1) (#128) and that the motion be **denied**, without prejudice, to Mr. Kane's right to pursue recovery of the funds in the Nevada State Court.

DATED this 16th day of December 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge